TURNER, P. J., Dissenting.—I
respectfully dissent from the conditional reversal of the first degree murder conviction. I would affirm the first degree murder conviction of defendant, Cesar Omar Sanchez.
The basis of my dissenting views is that no federal constitutional error occurred. In my view, the jurors were instructed as to the elements of the offense. I do not believe the United States Constitution required that greater clarity be provided than was. No doubt, the use of the words “theory” and “theories” with the instruction there need not be agreement as to a theory was error. But I do not believe this was federal Constitution error. Therefore, any error resulting from a lack of clarity concerning the words “theory” and “theories” is subject to review under article VI, section 13 of the California Constitution. (People v. Breverman (1998) 19 Cal.4th 142, 164-179 [77 Cal.Rptr.2d 870, 960 P.2d 1094]; People v. Watson (1956) 46 Cal.2d 818, 836 [299 P.2d 243].) The potential confusion is not such so there is a reasonable probability of a different result had it never occurred—thus I would affirm. I agree though with my colleagues that, if I am incorrect and federal constitutional error occurred, it was sufficiently prejudicial to require conditional reversal. (Chapman v. California (1967) 386 U.S. 18, 22 [17 L.Ed.2d 705, 87 S.Ct. 824]; People v. Chun (2009) 45 Cal.4th 1172, 1201 [91 Cal.Rptr.3d 106, 203 P.3d 425].)
Our Supreme Court has explained the basis for finding federal constitutional instructional error: “[T]he United States Supreme Court has held that jury instructions relieving the prosecution of the burden of proving beyond a reasonable doubt each element of the charged offense violate the defendant’s *1030 due process rights under the federal Constitution. (Sullivan v. Louisiana (1993) 508 U.S. 275, 277-278 [124 L.Ed.2d 182, 113 S.Ct. 2078]; Camila v. California (1989) 491 U.S. 263, 265 [105 L.Ed.2d 218, 109 S.Ct. 2419] (per curiam); People v. Kobrin (1995) 11 Cal.4th 416, 422-423 & fn. 4 [45 Cal.Rptr.2d 895, 903 P.2d 1027] [collecting cases].) Such erroneous instructions also implicate Sixth Amendment principles preserving the exclusive domain of the trier of fact. (Carella v. California, supra, 491 U.S. at p. 265; People v. Kobrin, supra, 11 Cal.4th at p. 423.) ‘Thus, although a judge may direct a verdict for the defendant if the evidence is legally insufficient to establish guilt, he [or she] may not direct a verdict for the State, no matter how overwhelming the evidence. [Citations.]’ (Sullivan v. Louisiana, supra, 508 U.S. at p. 277; People v. Kobrin, supra, 11 Cal.4th at p. 423.) The prohibition against directed verdicts for the prosecution extends to instructions that effectively prevent the jury from finding that the prosecution failed to prove a particular element of the crime beyond a reasonable doubt. (United States v. Gaudin (1995) 515 U.S. 506, 510-511, 522-523 [132 L.Ed.2d 444, 115 S.Ct. 2310]; People v. Kobrin, supra, 11 Cal.4th at pp. 423-424; People v. Hedgecock (1990) 51 Cal.3d 395, 407 [272 Cal.Rptr. 803, 795 P.2d 1260].)” (People v. Flood (1998) 18 Cal.4th 470, 491-492 [76 Cal.Rptr.2d 180, 957 P.2d 869].) There is no requirement the instruction in fact prevented the jury from finding proof beyond a reasonable doubt. Rather, the alleged error must be such that there is a reasonable likelihood it relieved the prosecution of proving each element of the charged offense beyond a reasonable doubt. (Waddington v. Sarausad (2009) 555 U.S. 179, 190-191 [129 S.Ct. 823, 172 L.Ed.2d 532]; Estelle v. McGuire (1991) 502 U.S. 62, 72 [116 L.Ed.2d 385, 112 S.Ct. 475].) In assessing whether federal constitutional error occurred, the instructions are viewed as a whole. (Waddington v. Sarausad, supra, 555 U.S. at p. 191; Cupp v. Naughten (1973) 414 U.S. 141, 147 [38 L.Ed.2d 368, 94 S.Ct. 396].) Only after a reasonable likelihood the instruction relieved the prosecution of its burden of proof must an appellate court engage in harmless error analysis.
The jury was instructed as to the elements of first degree felony-murder kidnap. Further, the jurors were instructed they must unanimously agree as to the degree of murder. And the jurors were instructed they must unanimously find guilt beyond a reasonable doubt. The jurors discovered that the trial court had neglected to define second degree murder in its initial instructions. It was in this context, responding to a jury question for a definition of second degree murder, that the trial court gave the instruction with the following flaws. The jurors were told that felony-murder kidnap was a theory. The jurors were also told that malice aforethought (express or implied under the natural and probable consequences doctrine) was a theory. The jurors were then told, *1031 “You do not all need to agree on the same theory.” If this was all that was said on the subject of the degree of homicide, that would end the matter in my view—defendant would be entitled to a conditional reversal. That would be federal constitutional error. Why? There is a reasonable likelihood using the words “theory” and “theories” relieved the jurors of the duty of finding the elements of felony-murder kidnapping beyond a reasonable doubt. The instruction incorrectly treated this requirement as a theory which did not require agreement by the jurors. But that was not all that was said. Earlier the jurors had been instructed they must agree unanimously as to the degree of a homicide. And, after instructing as to natural and probable consequences (second degree murder), the trial court concluded its supplemental instructions, “If you decide that the defendant committed murder, you must then decide whether it is murder of the first or second degree.” The only instruction concerning the jurors’ duty relating to determination of the degree was that they must agree unanimously beyond a reasonable doubt.
My view is no federal constitutional error occurred. I agree with defendant that the confusing use of the words “theory” and “theories” when discussing malice aforethought and felony murder during the supplemental instructions was error. A corollary of that is the language that the jurors did not need to agree on the same theory was likewise error, a contention with which I agree. However, the jurors had been previously instructed that they must agree as to the degree beyond a reasonable doubt. Further, in concluding its supplemental instructions, the trial court reiterated that once the jury decided defendant committed murder, they must then proceed to determine the degree. And the only instruction given concerning determination of the degree required that it be unanimous. And, as noted, every single element of first degree and second degree murder was provided to the jury. There is not a reasonable likelihood the erroneous use of the words “theory” and “theories” relieved the prosecution of proving the elements of the offenses beyond a reasonable doubt. This is a very, very close issue but I come down on the side that no federal constitutional error occurred. And, as I have explained, I do not believe there is a reasonable probability of a different result had the trial court not misused the term “theory” or “theories.”
Complicating matters is that there is no federal constitutional right to a unanimous jury verdict in a noncapital case. (Apodaca v. Oregon (1972) 406 U.S. 404, 406 [32 L.Ed.2d 184, 92 S.Ct. 1628] (lead opn. of White, J.); see Schad v. Arizona (1991) 501 U.S. 624, 634, fn. 5 [115 L.Ed.2d 555, 111 S.Ct. 2491].) In that sense, it is unclear how the use of the words “theory” and “theories” contravened the federal Constitution. However, I do not think the constitutional federal nonunanimous verdict rule in noncapital state cases has *1032 anything to do with the outcome here. The error asserted by defendant is the misuse of the words “theory” and “theories” relieved the jury of finding all of the elements of felony-murder kidnap.